IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRENDAN JAMAL HOLT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:21CV980 |
| v. | ) | 1:18CR102-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Letter (Docket Entry 38) in which he seeks a corrected sentence based on alleged misrepresentations by his attorney. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reasons:

1. The Motion is not on the proper § 2255 form.

2. It appears from the docket that Petitioner currently has a direct appeal pending in the United States Court of Appeals for the Fourth Circuit. While there may be no jurisdictional problem with a motion under § 2255 proceeding at the same time as a direct appeal, the Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings states that it is "inappropriate" to simultaneously maintain a direct appeal and a motion under § 2255. Where a prisoner files such a motion while a direct appeal is pending, the normal practice is to dismiss the § 2255 motion without prejudice to it being refiled once the direct appeal process has ended. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122 (6th Cir. 1998); United States v. Deeb, 944 F.2d 545 (9th Cir. 1991).

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion using the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion following the conclusion of his direct appeal.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255 at that time.

Petitioner also may be challenging the computation of his sentence in his Letter. This Court has nothing to do with the computation of sentences, which lies within the powers of the United States Bureau of Prisons. If Petitioner believes the Bureau of Prisons did not correctly calculate his sentence, he may seek administrative remedies within the Bureau of Prisons and, if that fails, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

[the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."). He should file any such petition in the district where he is confined at that time. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected action on the proper forms, in the correct district, and at the proper time.

This, the 5th day of January, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**